E. RAY SMITH V. THE STATE.

No. 20346. Delivered April 5, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*Kenneth Bain,* of Floydada, for appellant.

*John A. Hamilton,* District Attorney, of Matador, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is swindling. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction. The evidence adduced by the State, briefly stated, shows that appellant approached W. U. White, the alleged injured party, and said that he wanted him (White) to cash a check for him in the sum of $50. White told him to go to the bank. Appellant replied that he had had some trouble with the bank and did not care to go there. White told appellant he did not mind cashing the check if he had the money in the bank; that he did not have $50 to spend or loan. Appellant then said: "You give me your check for $50 and I will cash it and I will give you my check in the same amount." White then asked appellant if his check was good, and appellant replied: "You don't think I would give you a check without money? That money will be there to take care of the check." Thereupon White gave his check in exchange for appellant's, which was drawn on the First National Bank in Lubbock, Texas. This check was not paid when presented on January 10th or 11th because of insufficient funds. It was again presented for payment some few weeks later and payment refused because of no funds.

Appellant testified in his own behalf. He said he went to see White with a view of swapping checks with him. That he

told White that a check had come back against him. That he had a check outstanding that would be back at the bank and asked White to accomodate him by swapping, which would give him a little time to get the money to take care of the checks when they came in. That he told White he had some checks charged back against his account and his check for house rent was out and would not be paid unless he got some money into the bank. That thereupon White exchanged the check in question with him for a check in a like sum drawn by him on the First National Bank in Lubbock.

The testimony raised an issue of fact which the jury decided against appellant's contentions. This court would not be authorized to disturb their findings on a controverted issue of fact.

Appellant urged a few objections to the court's charge and requested special charges supplying the omissions therein. The special charges were given as requested. Consequently he has no ground of complaint in that respect.

His last complaint is that the trial court erred in paragraph four of his charge in instructing the jury that if they had a reasonable doubt of his guilt to convict him. We have carefully read the charge, but are unable to understand by what process of reasoning appellant reached the conclusion that the court's charge is subject to such a construction. In paragraph three, the court instructed the jury relative to the elements of the offense, and then told them that in a prosecution for this offense, it was necessary that all of the enumerated elements be established by testimony beyond a reasonable doubt, and in case they had a reasonable doubt, thereof, to acquit him. Then in paragraph number four, he instructed them as follows:

"Now, therefore, you are instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant * * on or about the 6th day of January, A. D. 1938, * * * did unlawfully and fraudulently and by means of false pretenses * * * did induce the said W. U. White to deliver to him * * the said check * * * then you will find the defendant guilty of swindling and assess his punishment at confinement in the penitentiary for any term of years not less than two nor more than ten, and unless you so find or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

Appellant asserts with much earnestness that the charge above quoted was an instruction to convict him if the jury had a reasonable doubt that he did the things charged in the in-

dictment. We find ourselves unable to agree with him and in our opinion it did not convey such an idea to the jury. Appellant cites the case of Anderson v. State, 90 S. W. (2d), 564, as supporting his contention. We do not gree with him. The complaint made of the charge in that case was that the court in his instruction to the jury on the defensive theory failed to couple therewith an instruction on reasonable doubt.

All other matters complained of have been carefully considered by us and are found to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant contends that the indictment is fatally defective. We are unable to agree with this contention. It appears from the indictment, when considered in its entirety, that appellant is charged with having obtained a check signed by the White Drug Company, by W. U. White, in the sum of $50 and of the value of $50, by giving to the said White a check for $50 drawn by E. Ray Smith (the appellant) on the First National Bank of Lubbock. In short, the indictment alleges that appellant drew and delivered his own check in the sum of $50 to W. U. White in exchange for the White check in said sum, the averments being that at the time appellant drew the check and at the time when in the ordinary course of business it would have been presented to the bank for payment appellant did not have sufficient funds in the bank to pay the check and had no good reason to believe that said check, when presented to said bank for payment, would be paid. It is further averred that the check was in due course of businesse presented to the bank for payment and that payment thereof was refused by said bank for want of sufficient funds of the appellant. Again, the indictment embraces sufficient averments as to fraudulent representations; and, further, alleges that Mr. White was induced to deliver the check because of such representations. We have not undertaken to set out all of the allegations in the indictment.

Appellant insists that the order in which the testimony was set forth in the original opinion herein erroneously led us to the conclusion that the evidence is sufficient. He says in

his motion that if the testimony is considered in the "exact order in which it was given" a different conclusion should be reached. We deem it unnecessary to do more than quote from the testimony of W. U. White, the injured party. We start with a question propounded to the witness as follows: "What was said when he (appellant) first came into the drug store in regard to the check?" Mr. White answered: "Well, he wanted to cash a check for $50 and I suggested that he go to the bank and he says, 'No, I have had a little difficulty with the bank and don't care anything about going there,' and that sounded all right to me and so in the transaction I gave him my check for $50. Well, the reason I gave him my check for $50 he told me he wanted to cash a check for $50 and after he told me he had some misunderstanding with the bank I said, 'E. Ray, I don't mind cashing your check. That is O. K. with me if you have the money,' and he said, 'You don't think I would give you a check without the money' and I said, 'No, I don't think so, but be sure what you are doing. I haven't the $50 to spend or loan or anything else,' and he said, 'Give me your check for $50 and I will cash your check and you can deposit my check and by the time your's gets back here everything will be all right.' Yes, I asked him if his check was good at that time. He said that check—that money would be there to take care of that check. I gave him my check for $50 and he gave me his check for $50 and I was supposed to cash his check and he was supposed to cash my check and the fact that he was having difficulty with the bank here was the reason he didn't cash his check at the bank. Certainly I believed his check was good. I would not have taken it if I thought it wasn't. I deposited his check after I tried to get the cash on his check. No, I was not successful in doing so. Yes, sir, it was returned to me. I don't remember whether the reason it was returned was for insufficient funds or not. I do not know whether it said insufficient funds or no funds. * * * At the time I had this conversation with him and at the time he gave me his check if he had told me his check was not good at that time I would not have cashed his check."

As pointed out in the original opinion, the testimony was to the effect that the check delivered to Mr. White was not paid when presented because of insufficient funds. It was again presented for payment some few weeks later and payment refused because of no funds.

We think that the conclusion expressed in the original opin-

ion to the effect that the evidence is sufficient to support the conviction was correct.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.